**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HENRY ASOMANI,<br><br>    Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil Action No. 23-1683 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on the petition for a writ of habeas corpus filed by Petitioner Henry Asomani purportedly brought pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  This Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief."  For the reasons set forth below, Petitioner's habeas petition shall be dismissed for lack of jurisdiction.

**I.  BACKGROUND**

Petitioner is a convicted federal prisoner currently detained at the FCI Fairton.  (ECF No. 1 at 1.)  He is currently serving a prison sentence arising out of a conviction for wire fraud charges entered in the Western District of Missouri.  (*Id.* at 2.)  In his current petition, he seeks to challenge his conviction, sentence, and accompanying forfeiture orders.  (*Id.* at 6-9.)  Specifically, Petitioner

argues that the Government failed to prove that he actually received the funds involved in the wire fraud, that the Government failed to show that the IP addresses involved belonged to him, that the forfeiture amount was several thousands of dollars too high, that a jury instruction was improperly denied him, and that there is evidence showing one of the victims in his case set him up to be kidnapped. (*Id.*) It is not clear how the kidnapping-related allegation is connected to his conviction or sentence. Petitioner also asserts that he believes that his sentence was improperly more severe than those of his codefendants. (*Id.* at 8.) At least two of Petitioner's claims – those related to the forfeiture amount and jury instructions – were previously raised before the Eighth Circuit on direct appeal and rejected on the merits. *See United States v. Asomani*, 7 F.4th 749, 752-54 (8th Cir. 2021). Petitioner has not previously filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1 at 4.)

## II.   **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### III.   DISCUSSION

In his current petition, Petitioner seeks to challenge his federal conviction, sentence, and forfeiture order under § 2241.  Generally, a federal prisoner seeking to challenge his conviction or sentence must do so through "a motion filed under 28 U.S.C. § 2255 in the sentencing court." *Rodriguez v. Warden Lewisburg USP*, 645 F. App'x 110, 112 (3d Cir. 2016) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)).  A prisoner may instead challenge his conviction through a § 2241 petition filed in his district of confinement, however, when he can show that the remedy available through a § 2255 motion is inadequate or ineffective to test the legality of his detention.  *Id.*; *see also In re Dorsainvil*, 119 F.3d 245, 249-51 (3d Cir. 1997).  The § 2255 remedy will only be inadequate "where the petitioner demonstrates that some limitation of scope or procedure would prevent the petitioner from receiving adequate adjudication of his or her claims under § 2255.  This exception is extremely narrow and applies only in rare circumstances." *Concepcion v. Zichefoose*, 442 F. App'x 622, 623 (3d Cir. 2011); *Okereke*, 307 F.3d at 120-21; *Dorsainvil*, 119 F.3d at 251-52.  The § 2255 remedy will not be inadequate or ineffective merely because the petitioner cannot meet that statute's gatekeeping requirements, and will instead be inadequate only in the rare circumstances where an intervening change of law renders a given conviction unlawful *and* the petitioner was deprived of a previous opportunity to raise a challenge on that basis.  *Dorsainvil*, 119 F.3d at 251-52.

In this matter, Petitioner seeks to use § 2241 to raise garden variety challenges to his conviction and sentence.  None of his claims assert that an intervening change in law rendered his conviction non-criminal, nor has Petitioner in any way shown that the remedy available under § 2255 is inadequate or ineffective to address his claims.  That Petitioner may well be barred from now filing a § 2255 motion as more than a year has passed since his conviction became final does

not change this result. *Dorsainvil*, 119 F.3d at 251-52. Because Petitioner's habeas petition fails to set forth any basis for finding § 2255 inadequate or ineffective, Petitioner may not pursue his challenges to his conviction or sentence under § 2241 and must instead pursue them through a § 2255 motion in his court of conviction.

Because this Court lacks jurisdiction to consider Petitioner's sentence and conviction challenges, the Court must determine the appropriate course of action. Where a district court lacks jurisdiction over a habeas matter, the Court may either dismiss the petition without prejudice or transfer the petition to the appropriate court if doing so would be "in the interests of justice." 28 U.S.C. § 1631. A transfer will generally only be in the interests of justice when the Petitioner has set forth at least a prima facie basis for relief. *See, e.g., United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015). Under § 2255, a motion to vacate sentence must normally be filed within one year of the date on which the petitioner's conviction becomes final. *See* 28 U.S.C. § 2255(f). Here, Petitioner was denied rehearing *en banc* on September 16, 2021, and his conviction therefore became final ninety days later on December 15, 2021 when he failed to file a petition for certiorari. *See Dodd v. United States*, 545 U.S. 353, 357 (2005); *Kapral v. United States*, 166 F. 3d 565, 577 (3d Cir. 1999). Absent some basis for tolling, Petitioner's limitations period therefore expired a year later on December 15, 2022, three months before Petitioner filed this matter. Because Petitioner's habeas petition contains no clear basis for tolling on its face, it appears that Petitioner's claims are time barred by several months under § 2255. Therefore, this Court finds that a transfer is not in the interests of justice, and Petitioner's challenges to his conviction and sentence will be dismissed without prejudice for lack of jurisdiction. To the extent Petitioner believes he has a basis for tolling, he may file a § 2255 motion in the Western District of Missouri and present those arguments to that court, the only court which would have jurisdiction to consider such a motion or tolling arguments related to such a motion.

Turning to Petitioner's claim related to forfeiture, the Court notes that challenges to a forfeiture order are not cognizable under § 2255. *See, e.g., Durante v. United States*, No. 16-8949, 2020 WL 205895, at *10 (D.N.J. Jan. 13, 2020); *United States v. Trimble*, 12 F. Supp. 3d 742, 745-46 (E.D. Pa. 2014). Section 2241 habeas petitions likewise may only be used to challenge the fact or existence of custody. *See* 28 U.S.C. § 2241(c); *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Therefore, a habeas petitioner may *not* challenge the monetary aspects of a sentence – such as a forfeiture judgment, fine, or fee – through a § 2241 petition. *See Samuels v. Ortiz*, No. 18-10133, 2019 WL 2341553 at *2 (D.N.J. June 3, 2019); *see also United States v. Ross*, 801 F.3d 374, 380 (3d Cir. 2015) (the "monetary component of a sentence" is not "custody" for habeas purposes). Thus this Court lacks jurisdiction to address Petitioner's forfeiture challenge and that challenge must also be dismissed. Because Petitioner's sentencing court would also lack jurisdiction to hear such a challenge under § 2255, this Court likewise need not transfer this claim, even were Petitioner not barred from filing such a motion for failing to meet the appropriate statute of limitations as outlined above. Therefore, Petitioner's habeas petition shall be dismissed without prejudice in its entirety for lack of jurisdiction.

**IV.   CONCLUSION**

In conclusion, Petitioner's habeas petition (ECF No. 1) is dismissed for lack of jurisdiction. An order consistent with this Opinion will be entered.

*Karen M. Williams*
_____
Hon. Karen M. Williams,
United States District Judge

5